

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FARHAD YAGHOUBI, | No. 17-56618 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-05770-SVW-AS |
| v. | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted March 8, 2019
Pasadena, California

Before: SCHROEDER and OWENS, Circuit Judges, and CHRISTENSEN,** Chief
District Judge.

Plaintiff Farhad Yaghoubi and defendant Travelers Casualty Insurance

Company of America ("Travelers") dispute the scope of plaintiff's replacement-

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Dana L. Christensen, Chief United States District
Judge for the District of Montana, sitting by designation.

cost benefits under his fire-insurance policy. The dispute arose after a fire destroyed plaintiff's commercial warehouse. After the fire, instead of seeking funds to rebuild the warehouse, plaintiff sought costs he expended in purchasing an apartment complex. Travelers denied plaintiff's request. Plaintiff then sued for breach of contract and a breach of the implied covenant of good faith and fair dealing. The district court granted summary judgment for Travelers, finding that the policy's replacement-cost provision did not authorize reimbursement for the costs of a building that served a different purpose than the property insured. Plaintiff appeals. We affirm.

On appeal, plaintiff argues that the policy conflicts with California Insurance Code section 2051.5(a)(1). That section provides that in the case of property destruction, replacement-cost coverage includes "the amount that it would cost the insured to repair, rebuild, or replace the thing lost or injured[.]" Cal. Ins. Code § 2051.5(a)(1). Plaintiff contends that the term "replace" as used within this section does not require that the replacement structure be "used for the same purpose" as the insured structure, and that the policy's same-use requirement therefore conflicts with section 2051.5's purpose. Reimbursement should be made, plaintiff argues, for any structure he chose to build following the fire.

The statutory language limits the reimbursement to the costs to repair, rebuild, or replace the property that was lost or injured. As the district court recognized, the only relevant California authority supports Travelers' position that a replacement structure in this context must serve the same purpose as the original structure. *See Conway v. Farmers Home Mut. Ins. Co.*, 31 Cal. Rptr. 2d 883, 886 (Ct. App. 1994) ("[T]he term replace . . . includes the notion of substituting for an original item another item which serves the same function as the original . . . ."). *Conway* is consistent with the out of state authority on the same issue. Plaintiff has cited no judicial authority that supports his position.

That both the insured structure and the new structure provided rental income does not mean that the two structures served the same function within the meaning of the policy or the statute.

**AFFIRMED.**